JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
WILLIAM E. SIMMONS, Supervising Trial Attorney- State Bar #121266
STEPHEN Q. ROWELL, Deputy City Attorney - State Bar # 098228
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-2865          Fax: (510) 238-6500
351789

Attorneys for Defendants
CITY OF OAKLAND, OFFICER
CRUM and OFFICER ALCANTAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLARENCE COUSEY; ANDRE DUCKETT; NIEMA LILLARD; ANDREALIUS LILLARD<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND; OFFICER CRUM OR DOE 1; OFFICER R. ALCANTAR or DOE 2; OFFICER D. DAWSON or DOE 3; DOES 1-100, inclusive<br><br>Defendants | Case No C 05-01117 TEH<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

Plaintiffs THOMAS CLARENCE COUSEY; ANDRE DUCKETT; NIEMA LILLARD; ANDREALIUS LILLARD, and their attorneys JAMES CHANIN, individually and on behalf of the LAW OFFICES OF JAMES B. CHANIN and Defendant CITY OF OAKLAND, by and through its attorney STEPHEN Q. ROWELL, hereby stipulate to the following protective order:

1. DEFINITIONS

1.1 Party: any party to this action, including all of its officers, directors,

employees, consultants, retained experts, and outside counsel (and their support staff).

      1.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things;

      1.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things qualify for protection under standards developed under F.R.Civ. P. 26(c). This material includes, but is not limited to:

      a) Copies of certain personnel files for OFFICERS O. CRUM and R. ALCANTAR for a period covering the dates of his employment with the Oakland Police Department through and including August 18, 2004.

      b) Copies of certain internal affairs files pertaining to complaints of use of excessive force or unnecessary force, truthfulness, wrongful arrest or detention for OFFICERS O. CRUM and R. ALCANTAR from August 18, 1999 through August 18, 2004.

      c) Any Internal Affairs files pertaining to the incident which is alleged in the complaint on file in this action.

      1.4 <u>"Highly Confidential-Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

      1.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

      1.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

      1.7. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-Attorneys Eyes Only."

1.8. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

1.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.10. <u>House Counsel</u>: attorneys who are employees of a Party.

1.11 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

1.12. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as an consultant n this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.13 <u>Professional Vendors</u>: person or entities that provide litigation support services (<u>e.g.</u>, photocopying: videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 2. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 3. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in

writing or court order otherwise directs.

///

### 4. DESIGNATING PROTECTED MATERIAL

4.1 <u>F.R.Civ. P. 26(c)</u>.  The information sought to be protected must be properly qualified for protection under F.R.Civ. P. 26(c).  Counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

4.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, <u>e.g.</u>, second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, material that qualified for protection under the Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material.   If only a portion or

1  portions of the material on a page qualifies for protection, the Producing Party also must
2  clearly identify the protected portion(s) (e.g., by making appropriate markings in the
3  margins) and must specify, for each portion, the level of protection being asserted (either
4  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").
5         (b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>
6  that the Party or non-party offering or sponsoring the testimony identify on the record,
7  before the close of the deposition, hearing, or other proceeding, all protected testimony,
8  and further specify any portions of the testimony that qualify as "HIGHLY
9  CONFIDENTIAL—ATTORNEYS' ONLY." When it is impractical to identify separately each
10 portion of testimony that is entitled to protection, the Party or non-party that sponsors,
11 offers, or gives the testimony may invoke on the record (before the deposition or
12 proceeding ins concluded) a right to have up to 20 days to identify the specify the level of
13 protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—
14 ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately
15 designated for protection within the 20 days shall be covered by the provisions of this
16 Stipulated Protective Order.
17         Transcript pages containing Protected Material must be separately bound by
18 the court reporter, who must affix to the top of each such page the legend
19 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as
20 instructed by the Party or non-party offering or sponsoring the witness or presenting the
21 testimony.
22         ( c) <u>for information produced in some form other than documentary, and for</u>
23 <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior
24 of the container or containers in which the information or item is stored the legend
25 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."
26         4.3. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

failure to designate qualified information or items as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Timing of Challenges.</u>  Unless a proper challenge to a Designating Party's confidentially designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chose designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the

basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection tow which it is entitled under the Producing Party's designation.

### 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2   <u>Disclosure of "CONFIDENTIAL: Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b) experts (as defined in this Order) of the Receiving Party to whom

disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional venders to whom disclosure is reasonably necessary for this litigation and who have sighed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) during their deposition, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(f) the author the document or the original source of the information.

6.3   Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b) the Court and it's personnel;

(c) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have sighed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(d) the author of the document or the original source of the information.

///

///

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designation Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>FILING PROTECTED MATERIAL.</u> Without written permission form the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not in the public record in this action any Protected material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. In addition to placing the documents in a sealed envelope with instructions that the envelope is not to be opened absent further order of the court, the envelope should be labeled to identify title of the case, the case number, and the title of the document.

10. <u>FINAL DISPOSITION.</u> Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party, as used in this subdivision, "all Protected Material" includes all copies, abstracts compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead or returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11. <u>MISCELLANEOUS</u>

<u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12. <u>JURISDICTION.</u> The Court shall retain jurisdiction over any matter covered by this Stipulation and Order for 24 months after the final termination of this action.

**IT IS SO STIPULATED.**

Dated: January 24, 2006

JAMES B. CHANIN,
Attorney for Plaintiffs

Dated: January 26, 2006

STEPHEN Q. ROWELL,
Attorney for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 01/27/06

THELTON E. HENDERSON
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Court for the Northern District of California on _____ [date] in the case of <u>Thomas Cousey, et al. v. City of Oakland, et al.</u>, Case No. C-05-01117 TEH.  I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____-
                        [printed name]


Signature:_____
                        [signature}